

FILED
2008 Jul-09 PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BEATRICE BROCKINGTON,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action Number **2:07-cv-01705-UWC** |
| **WAL-MART STORES, INC.,** | ) ) ) | |
| Defendants. | ) ) ) ) | |

## MEMORANDUM OPINION ON DEFENDANT'S SUMMARY JUDGMENT MOTION

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 9.)

In order to survive a properly-supported defendant's summary judgment motion in a premises liability case, Alabama law requires that the plaintiff present substantial evidence to establish that a genuine issue of material fact exists with respect to each disputed element of her claim. *See Ex Parte Atmore Community Hosp.*, 719 So. 2d 1190 (Ala. 1998). Based on the undisputed facts, the Defendant is entitled to judgment as a matter of law.

### FACTS[1]

---

[1] The facts are construed in the light most favorable to the party opposed to the motion for summary judgment, the Plaintiff

On June 26, 2007, Plaintiff Beatrice Brockington filed suit against Wal-Mart alleging negligence and/or wantonness in failing to place an anti-skid rain mat smoothly on the ground at the entrance of the Wal-Mart store. Plaintiff contends that the negligent placement of the mat caused her to fall and suffer severe and permanent injuries. (Doc. 1; *see* Compl. at 2.) The action was properly removed to this Court on September 19, 2007 (Doc. 1.)

On April 23, 2008, Defendant filed a Motion for Summary Judgment (Doc. 9.) In its motion, Defendant contends that summary judgment is due to be granted because plaintiff has failed to produce sufficient evidence as to the cause of the accident, or any evidence that Defendant had actual or constructive notice of any defect on the premises prior to the accident (Doc. 9 at 9.) On July 1, 2007, Plaintiff filed her response to the Motion for Summary Judgment *pro se* (Doc. 15.)[2] In her response, Plaintiff briefly outlined her alleged physical injuries. Plaintiff's only response to Defendant's contentions was "I feel Wal-Mart is responsible for my fall because I tripped on the rug on the floor." (Doc. 15 at 2.)

## THE APPLICABLE LAW

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the moving party demonstrates that

---

[2] On January 14, 2008, this Court entered an Order Granting Plaintiff's attorney to withdraw as counsel based upon counsel's representation that he had received a letter from Plaintiff a few days earlier advising him that his services had been terminated (Doc. 8.) Since that time, Plaintiff has proceeded *pro se.*

there is no genuine issue as to any material fact and that, based upon the undisputed facts, the moving party is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56( c).

The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56( c).

When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party. *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997). "The district court should 'resolve all reasonable doubts about the facts in favor of the nonmoving' ... and draw 'all justifiable inferences ... in his favor ....*" United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). The Eleventh Circuit has held that evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g., Brown v.*

*City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

"When a motion for summary judgment is made and supported..., an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

*B. PREMISES LIABILITY*

In a premises liability case, the elements of negligence "are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." *E.R. Squibb & Sons, Inc. v. Cox*, 477 So. 2d 963, 969 (Ala. 1985). There is no presumption of negligence which arises from the mere fact of an injury to an invitee. *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978).

## ANALYSIS

In this case, Plaintiff has simply failed to present any evidence of a genuine issue of material fact as to the cause in fact of the accident. Rather, she has testified that she felt something on her toe just before she fell and thus concluded that the mat must have made her slip. She reached this conclusion presumably because she saw her shoes at the edge of the mat after she fell. (Def.'s Br. at 10.) The Plaintiff has also testified that she does not remember "any problem with the rug." (*See* Ex. 1 at 110-11.)

Defendant has produced a video, which Plaintiff has admitted accurately reflects the incident. The video clearly does not show the plaintiff tripping over the mat. The mat is unrelated to the accident.

In her response to the summary judgment motion, Plaintiff has simply offered the conclusory statement: "I feel Wal-Mart is responsible for my fall because I tripped on the rug on the floor." (Doc. 15 at 2.) This is insufficient as a matter of law.

## CONCLUSION

Based on the undisputed facts, the Defendant is entitled to judgment as a matter of law. By separate Order, summary and final judgment shall be entered in favor of Defendant.

Done the 9th day of July, 2008.

_____
U.W. Clemon
United States District Judge